FILED
United States Court of Appeals
Tenth Circuit

**February 24, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PARRISH BOURNE,

        Petitioner-Appellant,

v.

STATE OF KANSAS; ATTORNEY
GENERAL OF KANSAS,

        Respondents-Appellees.

No. 07-3228
(D.C. No. 05-CV-3363-JAR)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.[**]

Parrish Bourne, a Kansas state prisoner represented by counsel, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

28 U.S.C. § 2254 petition for habeas relief from his Kansas conviction for

aggravated arson. *See id.* § 2253(c)(1)(A). Mr. Bourne is entitled to a COA only

if he has "made a substantial showing of the denial of a constitutional right." *Id.*

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

§ 2253(c)(2). To make such a showing, he must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In his counseled habeas petition, Mr. Bourne contends correctional officers denied him access to his attorney during the week preceding trial, thereby denying him his rights to (1) effective assistance of counsel and (2) a fair trial. The facts he provides in support of these two grounds for relief are identical. The federal district court construed both "grounds [to] allege that petitioner was denied his right to counsel under the Sixth Amendment when he was unable to consult with his defense counsel the week before his trial commenced." Aplt. App. at B-7.

In a thorough memorandum and order denying Mr. Bourne's § 2254 petition, the district court set forth the facts and standard of review, and applied the applicable law. In so doing, it observed:

> Petitioner states that he was 'unable, as a direct result of the correctional officer's actions, to pass on important information regarding his upcoming jury trial.' Yet, petitioner does not explain what information he was prevented from relaying to his counsel, and he fails to explain how this caused him to suffer harm at his trial. Also, the record shows that petitioner was able to communicate freely with his counsel in the previous weeks leading up to trial, meaning that petitioner could have passed on this information to his counsel at that time. And further, petitioner *was able to*

*communicate with his counsel on the Saturday before trial*, and there is nothing in the record to indicate that petitioner was unable to give such information to his counsel at that time.

*Id.* at B-13 to B-14 (emphasis added).

Having carefully considered the record, Mr. Bourne's arguments on appeal, and the applicable law, we conclude, for substantially the same reasons stated in the district court's memorandum and order, that Mr. Bourne has failed to make the requisite showing. We therefore DENY his request for a COA and DISMISS the appeal.

Entered for the Court

David M. Ebel
Circuit Judge